UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RYAN J. WAYNE, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16CV0602 HEA |
| ) | |
| ) | |
| NANCY A. BERRYHILL[1], ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

On March 27, 2014, Administrative Law Judge Mary Ann Poulose conducted a hearing. Plaintiff appeared in person and the Vocational Expert,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

Leanne Bloom, appeared as well. The ALJ presided over the hearing from Chicago, Illinois.

Plaintiff resided alone at the time of the hearing. Plaintiff was born on June 20, 1982. He was 32 years old at the time of the hearing. Plaintiff completed high school.

Plaintiff has prior work experience as a bartender and front of house manager. He also has experience as a waiter. His first job was as busser in the food and beverage industry. All of his work experience involved lifting anywhere from 20 to 50 pounds from time to time.

On examination by counsel, Plaintiff testified that he does not require assistance with his personal needs on a day today basis. He testified typically he is at home. He keeps his leg propped up or iced up. When he does chores around his home he does it in intervals because it hurts to stand for long periods. He also stated that his grandmother comes by and helps with sweeping, mopping, and things like mirrors and bathtubs, as it is difficult for him to kneel.

Plaintiff testified he cannot stand or walk for long periods. Walking for longer than 25 minutes causes pain on both sides of his hip and requires him to sit down for recovery from the pain. He also noted pain in his leg which is helped by elevating his leg on a couple of pillows.

There was testimony from Leanne Bloom, the Vocational Expert. Ms. Bloom, testified and classified the past work experience of the Plaintiff in relation to the Dictionary of Occupational Titles. Based upon all of those considerations and the stated hypotheticals of the ALJ, including stated limitations, the Vocational Expert concluded there were jobs at the sedentary work level available for Plaintiff.

The ALJ determined that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on February 23, 2016. The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the specific issues in this case are whether the ALJ properly evaluated Plaintiff's subjective allegations and whether she properly determined Plaintiff's residual functional capacity.

## Standard for Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

The Court must consider evidence that both supports and detracts from the Commissioner's decision but cannot reverse the decision because substantial evidence also exists in the record that would have supported a contrary outcome, or because it would have decided the case differently. *See Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). If the Court finds that the evidence supports two inconsistent positions and one of those positions represents the Commissioner's findings, the Court must affirm the Commissioner's decision. *Wright v. Colvin,* 789 F.3d 847, 852 (8th Cir. 2015). The Eighth Circuit has stated that "[w]e defer heavily to the findings and conclusions of the Social Security Administration." *Id.* (quoting *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010)).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)

(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*.

At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20

C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:
(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he

considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in this case. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful employment from the onset date of November 24, 2012. The ALJ found at Step Two that Plaintiff had the severe impairment of status post multiple fractures.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, 416.1526, 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform a full range of sedentary work. The ALJ followed the two step process in first determining whether there was an underlying

medically determinable physical or mental impairment that could be expected to produce the Plaintiff's pain or other symptoms. Secondly, if there was such a showing, it was incumbent upon the ALJ to evaluate the intensity, persistence, and limiting effects of pain or other symptoms to determine the extent which they limit functioning. If not substantiated, the ALJ needs to make a finding on the credibility of statements considering the whole record.

Here, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements of intensity, persistence and limiting effects of the symptoms are not entirely credible in consideration of the entire record.

At Step Four it was the finding of the ALJ that Plaintiff is not able to perform any past relevant work.

In Step Five the ALJ concluded that Plaintiff was not under a disability.

**Judicial Review Standard**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom*

*v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

**I. Did the ALJ Properly Evaluate the Subjective Allegations of Plaintiff?**

Plaintiff asserts that the ALJ erred in evaluating Plaintiff's subjective complaints and that the evaluation was not supported by substantial evidence because it lacks sufficient detail for the reasons the ALJ considered in discounting Plaintiff's testimony. Plaintiff also argues the ALJ should have found additional and more significant limitations with regard to Plaintiff's physical abilities, including sitting, standing, and walking.

Plaintiff asserts his testimony, allegations, and medical evidence regarding injuries post his vehicular accident. The claimant bears the burden of proving disability and providing medical evidence regarding the existence and severity of an impairment. *See Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013). The evidence in the record does not support a greater or disabling degree of limitation as defined in the Social Security Act. Plaintiff has failed in his burden. This failure is supported by substantial evidence to the contrary as considered and referenced by the ALJ.

The ALJ precisely interlocked her credibility analysis with an entire evaluation of the record, medical evidence and RFC determination. *See Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) ("Before determining a claimant's RFC, the ALJ first must evaluate the claimant's credibility."); *see also Poppa v. Astrue,* 569 F.3d 1167, 1171 (10th Cir. 2009) ("Since the purpose of the

credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined."). The issue is not whether the claimant actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent him from performing substantial gainful activity. *See Baker v. Apfel*, 159 F.3d 1140, 1145 (8th Cir. 1998); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Here, the ALJ's decision properly explains the rationale and does not merely rely on boilerplate language as Plaintiff suggests. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 441 (6th Cir. 2012) ("In so doing, the ALJ's RFC determination was premised on more than mere boilerplate assertions and demonstrated meaningful engagement with the facts presented in the record."); *Wiese v. Astrue*, 552 F.3d 728, 733-34 (8th Cir. 2009) ("Indeed, the ALJ wrote nearly four full pages of analysis regarding the consistency between Wiese's self-reports contained in the record, her treating physicians' notes and assessments, the medical evidence and the hearing testimony. In doing so, the ALJ provided a thorough analysis of the inconsistencies he noted in the record, and those inconsistencies are supported by the record."). The ALJ considered numerous factors including the testimony of Plaintiff; lack of objective medical findings and observations supporting Plaintiff's allegations of ongoing disabling limitations

since he suffered multiple fractures in an automobile accident and subsequently recovered; the conservative and routine nature of Plaintiff's medical treatment that was effective in alleviating Plaintiff's pain and culminated in Plaintiff's doctors releasing him back to work and unrestricted activity. The record does not support the conclusions of the Plaintiff and the objective evidence does not support the subjective claims of Plaintiff. "Subjective complaints may be discounted if the evidence as a whole is inconsistent with the claimant's testimony." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

A review of the record demonstrates the ALJ clearly considered the daily activities and abilities which factored into a finding that Plaintiff was limited to only a sedentary range of work. The claimant bears the burden of proving disability and providing medical evidence regarding the existence and severity of an impairment. *See Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013). The substantial evidence of the record defeats Plaintiff's assertions and supports the evaluation by the ALJ.

**2. Did the ALJ Properly Determine Plaintiff Could Perform Other Work?**

Where the ALJ determines a claimant is unable to perform any past relevant work the burden shifts and it is then the obligation of the ALJ to establish there is other work existing in significant numbers in the national economy that claimant

could perform based on his age, education, work experience, and RFC. *See ,* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

Here, the ALJ utilized the medical-vocational guidelines. The medical vocational guidelines reflect the analysis of the various vocational factors such as age, education, and work experience, in combination with residual functional capacity in evaluating the individual's ability to engage in substantial gainful activity in other than his or her vocationally relevant past work. The record reflects the ALJ delineated what jobs and numbers of jobs in the economy were available to Plaintiff considering his age, education, work background, and RFC for a full range of sedentary work.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 13th day of November, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE